IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 24-3403

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

BO BRYANT HOSTETTLER,
Defendant-Appellee.

On Appeal from the United States District Court
for the Northern District of Ohio

OPENING BRIEF FOR THE UNITED STATES

CAROL M. SKUTNIK
Acting United States Attorney
Northern District of Ohio

James A. Ewing
Brenna L. Fasko
Jason D. Manion
Assistant United States Attorneys
801 West Superior Ave. Suite 400
Cleveland, Ohio 44113
(216) 622-3879
James.Ewing@usdoj.gov
Brenna.Fasko@usdoj.gov
Jason.Manion@usdoj.gov

Counsel for Plaintiff-Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT.................................................vi

JURISDICTIONAL STATEMENT ..........................................................................1

STATEMENT OF THE ISSUE.................................................................................2

STATEMENT OF THE CASE..................................................................................3

    I.       Introduction...................................................................................3

    II.      Facts and Procedural History ........................................................4

        A.    Hostettler's criminal history ......................................................4

        B.    Hostettler's supervised-release violation and the new Section 922(g)(1) charge.......................................................................7

        C.    Hostettler's motion to dismiss and the court's order............................7

SUMMARY OF THE ARGUMENT .......................................................................10

ARGUMENT ..........................................................................................................12

    I.       The district court erred by dismissing Hostettler's indictment.............12

        A.    Standard of Review.............................................................12

        B.    Section 922(g)(1) is constitutional on its face......................................12

        C.    *Williams* and *Goins* confirm that Section 922(g)(1) is constitutional as applied to dangerous and violent felons like Hostettler. ......................14

CONCLUSION .......................................................................................................20

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION...................21

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS................22

SOLICITOR GENERAL AUTHORIZATION TO APPEAL..................................22

# TABLE OF AUTHORITIES

**Federal Cases**

*Henderson v. United States*, 568 U.S. 266 (2013) ............................................................ 14

*New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) .................... 3, 8

*Stimmel v. Sessions*, 879 F.3d 198 (6th Cir. 2018) ...................................................... 13

*United States v. Berry*, 732 F. Supp. 3d 567 (N.D. Ohio 2024) ..................................... 8

*United States v. Carey*, 602 F.3d 738 (6th Cir. 2010) .................................................... 13

*United States v. Gailes*, 118 F.4th 822 (6th Cir. 2024) .................................................. 17

*United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025) .................................................. 4

*United States v. Goins*, 118 F.4th 794 (6th Cir. 2024) ............................................. *passim*

*United States v. Gore*, 118 F.4th 808 (6th Cir. 2024) ...................................................... 18

*United States v. Hostettler*, 729 F. Supp. 3d 756 (N.D. Ohio 2024) ................................. 1

*United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) ............................................... 13

*United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020) .................................................... 12

*United States v. Loney*, 331 F.3d 516 (6th Cir. 2003) ..................................................... 12

*United States v. Moore*, 111 F.4th 266 (3d Cir. 2024) ...................................................... 4

*United States v. Rahimi*, 602 U.S. 680 (2024) .................................................................. 12

*United States v. Stone*, 608 F.3d 939 (6th Cir. 2010) ...................................................... 15

*United States v. Williams*, 113 F.4th 637 (6th Cir. 2024) ......................................... *passim*

**Federal Statutes**

18 U.S.C. § 3231 ................................................................................................................. 1

18 U.S.C. § 922(g) .............................................................................................................. 7

18 U.S.C. § 922(g)(1) ................................................................................................... *passim*

18 U.S.C. § 922(g)(9) ...................................................................17

18 U.S.C. § 924(a)(8) ..................................................................7

28 U.S.C. § 1291 ...........................................................................1

## STATEMENT REGARDING ORAL ARGUMENT

The United States respectfully requests oral argument. This appeal involves the application of this Court's recent Second Amendment decisions in, *inter alia*, *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), and *United States v. Goins*, 118 F.4th 794 (6th Cir. 2024), to the district court's earlier dismissal of Defendant-Appellee Bo Bryant Hostettler's 18 U.S.C. § 922(g)(1) indictment for possessing a firearm while a felon. The government believes that oral argument will assist this Court in resolving the question presented by this appeal.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Defendant-Appellee Bo Bryant Hostettler's criminal case, which charged a violation of federal law, under 18 U.S.C. § 3231. (R. 1: Indictment, PageID 1). On April 10, 2024, the district court granted Hostettler's motion to dismiss the sole count of his indictment, charging a violation of 18 U.S.C. § 922(g)(1) for possessing a firearm while a felon. (R. 15: Opinion and Order, PageID 96-110).[1] The government filed a timely notice of appeal of that order on May 9, 2024. (R. 22: Notice of Appeal, Page ID 138). This Court has jurisdiction under 28 U.S.C. § 1291.

---

[1] The district court's ruling is also available at 729 F. Supp. 3d 756 (N.D. Ohio 2024).

## STATEMENT OF THE ISSUE

I.    Hostettler had over 25 convictions, including 6 felonies, and was on federal supervised release when he possessed a firearm and ammunition. When granting Hostettler's "as applied" challenge to Section 922(g)(1), the district court placed the burden on the government to show that Hostettler was dangerous, and did not consider Hostettler's violent misdemeanors, supervised-release status, or prior drug-trafficking felony. Even so, the district court found that Hostettler's case presented "a close question." This Court has since explained that defendants shoulder the burden of showing that they are *not* dangerous, and that district courts must consider violent misdemeanors, supervised-release status, and drug-trafficking felonies when assessing as-applied challenges like Hostettler's. Did the district court err in dismissing Hostettler's indictment?

**STATEMENT OF THE CASE**

## I.      Introduction

Bo Bryant Hostettler has spent his entire adult life in and out of the criminal justice system.  His criminal resume starts at age 18, and includes some 27 total convictions in either California or Ohio since 2004.  Among other things, his record reflects violence, drug trafficking, driving while intoxicated, and firearms offenses. Hostettler was on federal supervised release in September 2023, following his 2019 conviction in the Northern District of Ohio for possessing a firearm while a felon. Hostettler absconded from supervision, and when law enforcement found him he fled and threw a loaded firearm in a residential area.   The district court from his 2019 conviction found that Hostettler's firearms possession violated the terms of his supervision, and a Northern District of Ohio grand jury indicted him for a second time for possessing a firearm while a felon.    Hostettler moved to dismiss this new indictment.   Relying on *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), Hostettler argued that 18 U.S.C. § 922(g)(1), the federal felon-in-possession statute, was unconstitutional on its face and as applied to him.

The district court rejected Hostettler's facial challenge but granted his "as applied" claim, finding that the government had failed to carry what the district court viewed as  its burden to show that Hostettler was dangerous and thus could be disarmed.

3

The district court erred. Its dismissal of Hostettler's indictment ran afoul of intervening published Sixth Circuit precedent in several ways. First, the court placed the burden of showing Hostettler's dangerousness on the government. But this Court has since explained that it is a defendant's burden "to demonstrate he is *not* dangerous, and thus falls outside of § 922(g)(1)'s constitutionally permissible scope." *Williams*, 113 F.4th at 657 (emphasis added). Second, the court narrowed its aperture too much by considering only Hostettler's felony convictions on the question of dangerousness, where it should have considered his "entire criminal record," including his violent misdemeanors. *Goins*, 118 F.4th at 804 (citing *Williams*). Third, the district court did not consider Hostettler's status on supervised release, which this Court and others have explained is, in and of itself, virtually dispositive of the constitutional question. *Goins*, 118 F.4th at 801-02; *see also United States v. Moore*, 111 F.4th 266, 269-72 (3d Cir. 2024); *United States v. Giglio*, 126 F.4th 1039, 1043-45 (5th Cir. 2025). Accordingly, this Court should reverse the order of district court and remand with instructions to reinstate Hostettler's indictment.

## II.      Facts and Procedural History

### A.      Hostettler's criminal history

Hostettler's long and varied criminal history included six different felony convictions and more than twenty misdemeanors. (R. 15: Opinion and Order, PageID 97-98). He had charges dismissed or no-billed in five more cases. (R. 6:

Pretrial Services Report, PageID 20-26). His record was filled with probation violations and sanctions for failing to appear for court. (*Id.*).

Hostettler started with three convictions for crimes he committed in California in 2003 at age 18. First, he was charged with use of a controlled substance and placed in an 18-month diversion program; when he failed the complete the program he served 90 days in jail. (R. 6: Pretrial Services Report, PageID 19). Next, Hostettler received probation for misdemeanor obstruction. (*Id.*). Finally, he was convicted of misdemeanor accessory to a felony, and sentenced to 36 months of probation and 60 days in jail. (*Id.*).

Hostettler's first felony conviction came in 2005, also in California, when he was convicted of possessing methamphetamine for the purpose of sale and received a 16-month prison sentence. (*Id.*). This felony conviction caused Hostettler to violate his probation and/ or diversion in his three prior California convictions. (*Id.*). Hostettler resurfaced in Ohio in 2008, where he would commit the rest of his crimes over the next 15 years. His second set of felonies came that year when he was convicted of forgery and receiving stolen property and served a six-month sentence. (*Id.*). Hostettler also was convicted of four misdemeanors—in four cases—in 2008, all of which implicated violence. He was convicted three times for misdemeanor assault, and once for disorderly conduct after being charged with domestic violence. (*Id.*, PageID 20).

The convictions continued. In 2011, Hostettler was convicted of operating a vehicle while intoxicated (OVI). (*Id.*, PageID 21). He had separate convictions in 2012 for misdemeanor disorderly conduct and a felony conviction for carrying a concealed weapon. (*Id.*). He was convicted again in 2014 for disorderly conduct, and received two more misdemeanor convictions in 2015 for permitting drug abuse and for driving under suspension. (*Id.*, PageID 21-22).

Despite so many interactions with the criminal justice system, Hostettler remained undeterred. In March 2017, he was convicted of possessing drug paraphernalia, a misdemeanor. (*Id.*). In April 2017, he received three separate misdemeanor convictions for domestic violence, possession of drug instruments, and aggravated trespass—the last in a case in which he had initially been charged with felony burglary. (*Id.*, PageID 23).

Hostettler had a second felony drug conviction for aggravated possession of drugs in December 2017, as well as his second OVI conviction in the same case. (*Id.*, PageID 22). That same month, he received three additional misdemeanor convictions for possession of drug instruments, resisting arrest, and obstructing official business. (*Id.*, PageID 24). He again violated his probation, and a bench warrant was issued. (*Id.*).

In June 2018, Hostettler was convicted of misdemeanor possession drug paraphernalia. (*Id.*). A few months later, in November 2018, he received his first

set of federal charges—felon in possession of a firearm and ammunition, in violation of 18 U.S.C. 922(g). He was convicted of these charges in May 2019, and was sentenced to 48 months incarceration and three years of supervised release. (*Id.*, PageID 25).

## B. Hostettler's supervised-release violation and the new Section 922(g)(1) charge

Hostettler served his 48 months of incarceration and began his federal supervised release in August 2022. (*Id.*). In September 2023, Hostettler absconded from supervision and a warrant for his arrest was issued. (*Id.*). Law enforcement searched for Hostettler and located him in a residential area. Hostettler fled and threw a loaded firearm. (R. 13: Opposition to Motion, PageID 54).

This conduct violated the terms of Hostettler's supervised release. (R. 6: Pretrial Services Report, PageID 25). In addition, on December 20, 2023, a Northern District of Ohio grand jury charged Hostettler with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (R.1: Indictment, PageID 1).

## C. Hostettler's motion to dismiss and the court's order

Hostettler moved to dismiss the indictment, arguing that Section 922(g)(1) is unconstitutional both facially and as applied to him. (R. 12: Motion to Dismiss, PageID 42-53). He relied on *Bruen*, 597 U.S. 1, and asserted that the district court should not consider his host of misdemeanor convictions. (*Id.*, PageID 51-52). The

government opposed Hostettler's motion on several grounds. First, it argued that the pre-*Bruen* Sixth Circuit caselaw that upheld Section 922(g)(1)'s constitutionality remained binding even after *Bruen*. (R. 13: Opposition, PageID 60- 64). Second, it argued that even if the district court were free to write on a blank slate, Section 922(g)(1) was consistent with both the Second Amendment's text and this Nation's historical tradition of firearm regulation. (*Id.*, PageID 64-89). Finally, the government argued that even if the court were to accept the view that Section 922(g)(1) might be unconstitutional as applied to certain non-violent felons, Hostettler's dangerous criminal history foreclosed such a challenge. (*Id.,* PageID 90-92).

The district court granted Hostettler's motion and dismissed the indictment. (R. 15: Opinion and Order, PageID 96-110). The court rejected Hostettler's facial challenge to Section 922(g)(1), but accepted his as-applied challenge. (*Id.*, PageID 109). In reaching this conclusion, the court differentiated between dangerous and non-dangerous felonies, harkening back to its own ruling in *United States v. Berry*, 732 F. Supp. 3d 567 (N.D. Ohio 2024). (R. 15: Opinion and Order, PageID 109). The court found that the government bore "the burden of establishing that [Hostettler's] underlying felony is 'distinctly similar' to the historical analogues that support disarmament based on dangerousness." (*Id.*, PageID 104). The district court then reviewed Hostettler's criminal history in determining whether he had an underlying felony to support disarmament. (*Id.*). The court "look[ed] past" Hostettler's prior

8

felon in possession conviction because of "the dearth of historical evidence supporting permanent felon disarmament." (*Id.*). Instead, the court focused on Hostettler's "two-decade-old drug possession conviction" from 2005, but noted that there was no evidence that this crime implicated either violence or a firearm. (*Id.*, PageID 104-05).

The district court then noted Hostettler had "no record of felony violence" and while he had some "violent misdemeanors," the court expressly declined to "consider these prior misdemeanor convictions when assessing [] Hostettler's dangerousness under the statute." (*Id.*, PageID 106, 109). The court reasoned that it could not consider these convictions because Section 922(g)(1) disarmed a person "based on his status as a felon, not a misdemeanant." (*Id.*, PageID 109).

The court concluded that while it was a "close question," the government had failed to "carry its burden to demonstrate that Section 922(g)(1) is constitutional as applied to" Hostettler, and therefore dismissed the sole count of the indictment. (*Id.*, PageID 109-10).

This timely appeal followed.

## SUMMARY OF THE ARGUMENT

The district court erred by dismissing Hostettler's indictment. Section 922(g)(1) is constitutional both facially and as applied to dangerous and violent felons like Hostettler. Hostettler's criminal record precludes a successful as-applied challenge because he was on federal supervised release when he possessed the firearm and ammunition and had prior violent and dangerous convictions including for domestic violence, assault, driving while intoxicated, and possessing a controlled substance for sale.

The district court made key errors in light of this Court's intervening cases. First, the district court erred by assigning the government the burden of showing dangerousness. This Court has held that it is Hostettler's burden "to demonstrate he is *not* dangerous, and thus falls outside of § 922(g)(1)'s constitutionally permissible scope." *Williams*, 113 F.4th at 657 (emphasis added). Second, the district court erred by limiting its review to only Hostettler's felony convictions and discounting his violent misdemeanors. This was too narrow of a review, and this Court's recent and intervening precedent confirms that a court should consider the totality of a defendant's record — including misdemeanors. *Williams*, 113 F.4th at 657-58; *Goins*, 118 F.4th at 804-05. Third, the district court did not consider Hostettler's status on federal supervised release at the time he possessed the firearm at issue. *Goins*, 118 F.4th at 801-02. Any one of these errors, independently, would be

grounds for reversal. Together they make up an overwhelming case that the district court's ruling was wrong.

This Court should reverse the district court's order and remand with instructions to reinstate Hostettler's indictment.

## ARGUMENT

**I.     The district court erred by dismissing Hostettler's indictment.**

### A.    Standard of Review

This Court reviews a district court's decision on a motion challenging the constitutionality of a federal statute de novo. *United States v. Loney*, 331 F.3d 516, 523 (6th Cir. 2003); *United States v. Goins*, 118 F.4th 794, 798 (6th Cir. 2024).[2]

### B.    Section 922(g)(1) is constitutional on its face.

The district court correctly concluded that Hostettler's facial challenge to Section 922(g)(1) failed as a matter of law. (R. 15: Opinion and Order, PageID 109). The United States does not challenge this aspect of the district court's holding on appeal. Indeed, a facial challenge to a statute is the hardest constitutional challenge to mount successfully. *United States v. Rahimi*, 602 U.S. 680, 693 (2024). To succeed, the challenger must establish that there is no set of circumstances under which the statute can constitutionally be applied. *Id.*

---

[2] This Court has not clarified the subsidiary standard of review for district courts' "dangerousness" findings in this context. Whatever that standard is, and even if it is a deferential standard, that makes no difference here, where the district court mapped its dangerousness finding onto an erroneous view of the law as this Court has set out in *Williams* and *Goins*. *Cf., e.g.*, *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.") (cleaned up).

This Court's recent precedent confirms the district court's facial challenge ruling. In *Williams*, this Court held that Section 922(g)(1) "is not susceptible to a facial challenge" because Section 922(g)(1) is constitutional in "most applications." 113 F.4th at 657. A "facial challenge will fail if" a statute is "constitutional in even just one of its applications." *Id.* at 643.

The government continues to believe that the fact that Section 922(g)(1) is constitutional on its face ends the matter, and that no as-applied challenges should be available. Before *Bruen*, this Court upheld Section 922(g)(1)'s constitutionality even as applied to non-violent felons. *Stimmel v. Sessions*, 879 F.3d 198, 211 (6th Cir. 2018) (discussing *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010)). Applying *Bruen*'s methodology should have produced the same result. After all, our Nation's history of firearm regulation establishes that "[l]egislatures historically prohibited possession by categories of persons based on a conclusion that the category *as a whole* presented an unacceptable risk of danger if armed," and that there historically was "no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons." *United States v. Jackson*, 110 F.4th 1120, 1128 (8th Cir. 2024) (emphasis added). We therefore preserve this argument in case this appeal reaches either the en banc Court or the Supreme Court. But we acknowledge that *Williams* disagreed with this analysis and held that Section 922(g)(1) "might be susceptible to an as-applied challenge in

certain cases." 113 F.4th at 657. *See also Goins*, 118 F.4th at 798 (acknowledging same).

### C. *Williams* and *Goins* confirm that Section 922(g)(1) is constitutional as applied to dangerous and violent felons like Hostettler.

This Court's recent precedent confirms that Section 922(g)(1) is constitutional as applied to Hostettler.[3] When evaluating an as-applied challenge to Section 922(g)(1), a district court must independently determine whether the charged defendant is "dangerous" such that the Second Amendment does not shield them from prosecution. *Williams*, 113 F.4th at 657. To accomplish this, a court "must focus on each individual's specific characteristics," considering "the individual's entire criminal record." *Id.* This includes "any evidence of past convictions in the record, as well as other judicially noticeable information . . . such as prior convictions." *Id.* at 660.

Importantly, because Section 922(g)(1) is "presumptively lawful," the defendant must offer sufficient evidence to rebut the presumption that Section

---

[3] While the district court did not have the benefit of this Court's decisions in *Williams* and *Goins* at the time it made its ruling, this Court will consider the state of the law as it exists at the time of this direct appeal from the district court's order. *See, e.g., Henderson v. United States*, 568 U.S. 266, 269 (2013) (where the law changes between trial and the completion of direct appeal, the reviewing court considers the law as it stands at the time of appeal, even if the trial court did not have the benefit of the later rulings).

922(g)(1) is constitutional, as applied to him. *Id.* at 662-63. Accordingly, the defendant bears the burden "to show he's not dangerous," rather than the government's burden to show he is. *Id.* at 662.

This Court has now provided specific guidance as to how district courts should assess dangerousness. In *Williams*, this Court divided criminal offenses into three different "buckets" for purposes of this analysis. 113 F.4th at 658 ("bucket"). The first bucket consists of crimes against the person, including "dangerous and violent crimes like murder, rape, assault, and robbery." *Id.* Offenses in this category "speak directly to whether an individual is dangerous," and defendants with these sorts of convictions face an "extremely heavy" burden to show they are not dangerous. *Id.*

The second bucket is crimes that do "not always involve an immediate and direct threat of violence against a particular person," but "nonetheless pose a significant threat of danger." *Id.* at 659. This includes drug trafficking and burglary. *Id.* Convictions in this bucket "justify a finding of danger" because "most of these crimes put someone's safety at risk." *Id.* More specifically, this Court explained that "[a] prime example is drug trafficking," because drug trafficking "'poses a danger to the community.'" *Id.* (quoting *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010)).

The final bucket consists of crimes that often "cause no physical harm to another person or the community." *Id.* This bucket includes convictions for mail

fraud or making false statements. *Id.* This Court noted that "district courts will have no trouble concluding that many of these crimes don't make a person dangerous." *Id.* This Court cautioned in *Williams* that these buckets were not provided to create a "categorical" match to show a defendant is dangerous. *Id.* at 660. Rather, the dangerous determination is "fact-specific, depending on the unique circumstances of the individual defendant." *Id.*

This Court revisited this fact-specific inquiry in *Goins*, where the defendant also raised an as-applied challenge to Section 922(g)(1). 118 F.4th at 797. This Court rejected this challenge because (1) the defendant's possession of a firearm was in violation of his state probation conditions; (2) he was under a short probation sentence for a dangerous crime — operating a vehicle under the influence — and (3) his repeated convictions for driving under the influence "demonstrated a likelihood of future dangerous conduct." *Id.*

Here, Hostettler's criminal record easily establishes that he is dangerous and subject to disarmament under both *Williams* and *Goins*. Hostettler has had multiple convictions for inflicting violence on others—the first *Williams* bucket. He has three convictions for misdemeanor assault. (R. 6: Pretrial Services Report, PageID 20). In 2008, he was convicted of disorderly conduct, after being charged with domestic violence. (*Id.*). In 2017, he was convicted of domestic violence. (*Id.* at PageID 23). Such convictions are "strong evidence that an individual is dangerous, if not totally

dispositive on the question." *Williams,* 113 F.4th at 658. *See also United States v. Gailes*, 118 F.4th 822, 826-30 (6th Cir. 2024) (rejecting a constitutional challenge to Section 922(g)(9), where the defendant had a misdemeanor domestic violence conviction). Hostettler also has been convicted of numerous drug-related offenses, including one involving drug distribution. He has a 2003 conviction for use of a controlled substance and a 2005 felony conviction for possession of methamphetamine *for the purpose of sale*. (R. 6: Pretrial Services Report, PageID 19). In March 2017, he was convicted of drug paraphernalia, a misdemeanor. (*Id.*, PageID 22). In April 2017, he was convicted of possession of drug instruments. (*Id.*, PageID 23). A few short months later, in December 2017, he received a felony conviction for aggravated possession of drugs. (*Id.*, PageID 22). That same month, he received an additional conviction for possession of drug instruments. (*Id.*, PageID 24). In total, he has approximately seven different drug-related convictions, at least one of which involved drug trafficking. Drug trafficking is a serious offense that often leads to violence and therefore, "justif[ies] a finding of danger." *Williams*, 113 F.4th at 659. These repeated drug convictions indicate a dangerous pattern which poses a risk to public safety.

Hostettler's record also aligns with the *Goins* analysis. In *Goins*, this Court found it significant that the defendant violated his state probation condition prohibiting him from possessing firearms. *Goins,* 118 F.4th at 797, 802-03 (citing to

*United States v. Gore*, 118 F.4th 808 (6th Cir. 2024), and noting that *Gore's* analysis of the constitutionality of disarming individuals under felony indictment could "easily be extended from the pretrial detention context to the context of probation, parole, or *supervised release*") (emphasis added). *See also Goins*, 118 F.4th at 805 (Bush, J., concurring in part) (finding that the fact that Goins was on probation at the time he possessed the firearm "alone should be dispositive"). Likewise, when Hostettler possessed the charged firearm in this case, he was on federal supervised release and was prohibited for possessing firearms. (R. 6: Pretrial Services Report, PageID 25).[4] Also, like *Goins*, Hostettler was twice convicted of operating a vehicle while intoxicated. (R. 6: Pretrial Services Report, PageID 21); *Goins*, 118 F.4th at 804 ("Goins's record reveals a dangerous pattern of misuse of alcohol and motor vehicles," which "pose a danger to public safety").

Hostettler's criminal record shows a pattern of convictions for dangerous conduct that puts the public at risk. These repeated convictions "evince a likelihood of future dangerous conduct." *Goins*, 118 F.4th at 804. Hostettler is exactly the sort of violent and dangerous felon that Congress can constitutionally disarm via Section 922(g)(1). Accordingly, the district court erred in dismissing the indictment.

---

[4] Hostettler has court on March 13, 2025, in his original federal case, no. 18-cr-697, to address *yet another* violation of his terms of supervision for suspected drug use.

Moreover, the district court's decision was flawed in two important respects. First, the court erroneously placed the burden on the government to establish that Hostettler's underlying felonies supported "disarmament based on dangerousness." (R. 15: Order, Page ID 104). This Court has since squarely rejected this approach in *Williams*, where it explained that the burden lies with the defendant to establish that he is *not* dangerous, and the government is under no obligation to "produc[e] evidence of his prior convictions and prov[e] that disarming him is consistent with history and tradition." 113 F.4th at 662.

Hostettler did not attempt to meet this burden at the district court level. Nor can he. Indeed, because he has convictions in both the first and second *Williams* buckets, he "will have a very difficult time, to say the least, of showing he is not dangerous." *Williams*, 113 F.4th at 663.

The district court also erroneously declined to consider any of Hostettler's misdemeanors. (R. 15: Order, PageID 108-09). Precedent since this decision has confirmed this was in error. Indeed, in *Williams*, this Court considered the entirety of a criminal's record, "not just the predicate offense for purposes of § 922(g)(1)." 113 F.4th at 657-58. In *Goins*, this Court considered both felonies and misdemeanors, including public intoxication convictions, in determining that the defendant posed a danger. 118 F.4th at 804-805.

In sum, Hostettler's criminal record includes many of the specific convictions this Court has acknowledged can show that a defendant is dangerous and preclude a successful as-applied challenge to Section 922(g)(1). Accordingly, the district court erred in dismissing the indictment because Section 922(g)(1) is constitutional as applied to Hostettler.

## **CONCLUSION**

For these reasons, the United States respectfully requests that this Court reverse the order of district court and remand with instructions to reinstate Hostettler's indictment.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By: /s/ James A. Ewing
James A. Ewing
Brenna L. Fasko
Jason D. Manion
Assistant U.S. Attorneys
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3879
James.Ewing@usdoj.gov
Brenna.Fasko@usdoj.gov
Jason.Manion@usdoj.gov

Counsel for Plaintiff-Appellant

## CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION

I hereby certify that the foregoing contains 4,239 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 13,000-word limitation for briefs.

/s/ James A. Ewing
James A. Ewing
Assistant U.S. Attorney

**UNITED STATES COURT OF APPEALS FOR**
**THE SIXTH CIRCUIT**
**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

Under Sixth Circuit Rule 30(b), the government designates the following

district court filings as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio, Case No. 5:23-cr-00654 | N/A | N/A |
| Indictment | 1 | 1 |
| Pretrial Services Report | 6 | 20-26 |
| Motion to Dismiss Indictment | 12 | 42-53 |
| Opposition to Motion | 13 | 54-93 |
| Opinion and Order | 15 | 96-110 |
| Notice of Appeal | 22 | 138 |



U.S. Department of Justice
Office of the Solicitor General

_The Solicitor General_        _Washington, D.C. 20530_

May 14, 2024

Re:      <u>United States</u> v. <u>Hostettler</u>, No. 23-cr-564 N.D. Ohio (Calabrese, J.)

APPEAL

<u>/s/ Elizabeth B. Prelogar</u>
ELIZABETH B. PRELOGAR
SOLICITOR GENERAL

Court of appeals determination:

     [ X] Appeal
     [    ] Intervention or Amicus Part.
     [    ] Rehearing en banc
     [    ] Other

Supreme Court determination:

     [    ] Certiorari
     [    ] Amicus participation
     [    ] Other

District court determination [] or
state court determination []

cc:    Ms.    Prelogar
        Mr.  Fletcher
        Mr. Suri

Due: has not yet set a briefing schedule
Actual Date: has not yet set a briefing schedule